USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/08

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA        :    ORDER OF FORFEITURE/
                                     PRELIMINARY ORDER OF
         -v.-                   :    FORFEITURE

SALVATORE MOLINA,               :    S2 07 Cr. 511 (GEL)

              Defendant.        :

                                :
- - - - - - - - - - - - - - - - x
```

WHEREAS, on or about September 4, 2007, SALVATORE MOLINA, the defendant, was charged in a one-count Superseding Information, S2 07 Cr. 511 (GEL) (the "Information"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One);

WHEREAS, the Indictment included a forfeiture allegation pursuant to 18 U.S.C. § 982 and 28 U.S.C. § 2461, seeking the forfeiture of all property, real and personal, involved in the money laundering offense and all property traceable to such property, including:

    a. A sum of money equal to $300,000 in United States currency, representing the amount of proceeds laundered as a result of the said offenses, including but not limited to the following:

        i. $149,846.000 in United State currency, seized on or about September 15, 2006, from the defendant, Salvatore Molina, in the vicinity of 22 West 30th Street, New York, New York;

        ii. The following firearms which were seized from the defendant, Salvatore Molina, at the time of his arrest:

| | | | |
|---|---|---|---|
| 1 | Beretta | 9mm | BER395715 |
| 2 | Beretta | 9mm | ST00305 |
| 3 | Beretta | 9mm | ST00365 |
| 4 | Beretta | 9mm | BER393652 |
| 5 | Beretta | .32 | DAA364430 |
| 6 | Bersa | .380 | 571308 |
| 7 | Bersa | .380 | 567894 |
| 8 | Bersa | 9mm | 646236 |
| 9 | Bersa | .380 | 576839 |
| 10 | Colt | 10mm | DS14221 |
| 11 | Colt | .38s | FR24832E |
| 12 | Colt | .38s | ELCEN1967 |
| 13 | Colt | .38s | 38SCG0238 |
| 14 | Glock | 10mm | KPN883 |
| 15 | Kimber | 10mm | KF09943 |
| 16 | AK-47 | 7.62 | DU4552 |
| 17 | AK-47 | 7.62 | S18597803 |
| 18 | AK-47 | 7.62 | 1986SBR2325 |
| 19 | Colt M-4 | .223 | 405068 |
| 20 | Colt M-4 | .223 | 404904 |

(i. and ii., hereinafter, the "Subject Property");

WHEREAS, on or about September 4, 2007, the defendant pled guilty to the Information pursuant to a plea agreement (the "Plea Agreement");

WHEREAS, in the Plea Agreement, the defendant admitted the forfeiture allegation of the Information and agreed to

2

forfeit the Subject Property and to the entry of a forfeiture money judgment in the amount of $300,000, representing the amount of proceeds obtained as a result of the charged offenses of the Information (the "Money Judgment");

WHEREAS, the Subject Property is to be applied in partial satisfaction of the Money Judgment;

WHEREAS, on or about December 7, 2007, the defendant Salvatore Molina was sentenced and ordered to forfeiture of the Subject Property and to the Money Judgment; and

WHEREAS, pursuant to 21 U.S.C. § 853(g), the United States is, by virtue of said guilty verdict, now entitled, pending any assertion of third-party claims, to reduce the Subject Property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses in the Information to which the defendant entered a plea of guilty, a forfeiture money judgment in the amount of $300,000 shall be entered against the defendant, as part of his criminal sentence and shall be included in the judgment of conviction therewith.

2. Pursuant to 18 U.S.C. § 982, 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, all of the defendant's right, title and interest in the Subject Property is

forfeited to the United States for disposition in accordance with the law and, shall be applied to the Money Judgment in partial satisfaction thereof.

3. The aforementioned Subject Property is to be seized pursuant to this Order of Forfeiture/Preliminary Order of Forfeiture and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service (or its designee) forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the United States Marshals Service's (or its designee's) intent to dispose of the Subject Property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Subject Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject

Property and any additional facts supporting the petitioner's claim and the relief sought.

5. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Property, which is the subject of this Order of Forfeiture/Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Subject Property pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

7. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture/Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

9. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the "United States Marshals Service", and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrews Plaza, New York, New York 10007.

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Rua M. Kelly, One St. Andrew's Plaza, New York, New York 10007.

Dated:   New York, New York
         December 7, 2007

                                    SO ORDERED:

                                    _____
                                    HONORABLE GERARD E. LYNCH
                                    UNITED STATES DISTRICT JUDGE